**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

ADIDAS AG, ADIDAS INTERNATIONAL
MARKETING B.V., ADIDAS AMERICA, INC.,
REEBOK INTERNATIONAL LIMITED, and
REEBOK INTERNATIONAL LTD.,

                  Plaintiffs,

vs.

DANYU WU, an individual,
2010SHOPJERSEYS.NET, a partnership or
unincorporated association,
2010SHOPJERSEYS.ORG, a partnership or
unincorporated association, 4ADIDAS.COM, a
partnership or unincorporated association, *et al*.,
and DOES 1-10,

                  Defendants,

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

      Plaintiffs, adidas AG, adidas International Marketing B.V., adidas America, Inc.,  Reebok International Limited, and Reebok International Ltd. (collectively "Plaintiffs") hereby sue Defendants Danyu Wu, an individual, and the Partnerships and Unincorporated Associations identified on Schedule "A" hereto and Does 1-10 (collectively "Defendants"), and allege as follows:

## JURISDICTION AND VENUE

      1.     This is an action for federal trademark infringement, counterfeiting, false designation of origin, and cybersquatting pursuant to 15 U.S.C. §§ 1114, 1116, 1121 1125(a), and 1125(d).Accordingly**,** this Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

      2.     Defendants are subject to personal jurisdiction in this judicial district because they direct business activities toward and conduct business with consumers within the State of Florida

and this judicial district through at least the fully interactive Internet websites operating under their partnerships and/or business association names identified on Schedule A hereto (the "Subject Domain Names").

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391since Defendants are, upon information and belief, aliens who engage in infringing activities and cause harm within this judicial district. Defendants have also advertised and made sales into this judicial district.

## THE PLAINTIFFS

4.      Plaintiff adidas AG ("adidas AG") is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 1120, D-91072 Herzogenaurach, Federal Republic of Germany. adidas AG is currently, and for years has been, one of the world's leading manufacturers of athletic footwear and apparel, including products bearing the distinctive adidas Mark, Trefoil Mark, and 3 Bars Logo.

5.      Plaintiff adidas International Marketing B.V. ("adidas International") is a corporation organized and existing under the laws of Netherlands, having its principal place of business in the Netherlands.  adidas International is wholly owned by adidas AG and its affiliates.

6.      Plaintiff adidas America, Inc. ("adidas America") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon, 97217.  adidas America is wholly owned by adidas AG and its affiliates, and within this country adidas America is a licensed distributor of adidas-branded merchandise, including goods bearing the distinctive adidas Mark, Trefoil Mark, and 3 Bars Logo. adidas AG, adidas International, and adidas America shall be referred to herein

collectively as "adidas."

7.      Plaintiff Reebok International Limited ("Reebok International") is a corporation organized and existing under the laws of England, having its principal place of business at 11/12 Pall Mall, London SWI Y 5LU, England. Reebok International is wholly owned by adidas AG and its affiliates.  Reebok International currently is, and for many years has been, one of the world's leading manufacturers of footwear and sportswear, including products bearing the Reebok Mark, RBK Mark, and the Vector Mark.

8.      Plaintiff Reebok International Ltd. ("Reebok Ltd.") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 1895 J.W. Foster Boulevard, Canton, Massachusetts, 02021.  Reebok Ltd. is wholly-owned by adidas AG and its affiliates. Reebok International and Reebok Ltd., and any predecessors or related entities, shall be collectively referred to herein as "Reebok."

## THE DEFENDANTS

9.      Defendants are an individual and unincorporated associations and/or partnerships who, upon information and belief, reside in the People's Republic of China. Defendants are the past and present moving and conscious forces behind the operation of the commercial Internet websites operating under the Subject Domain Names (see Schedule A).Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Subject Domain Names by providing false and/or misleading information to their various Registrars during the registration process. Defendants conduct pervasive business throughout the United States, including within this judicial district through the operation of fully interactive commercial websites existing under the Subject Domain Names. Upon information and belief, Defendant Danyu Wu is one of the owners, operators, or managing agents of Defendant Number

48which does business under the Subject Domain Name helloadidas.com. Plaintiffs are presently unaware of the true names of Does 1-10, although they are generally identified as the owners, operators, or managing agents of the Defendant partnerships and unincorporated associations operating under the remaining Subject Domain Names. Plaintiffs will amend this Complaint upon discovery of the identities of such fictitious Defendants.

10.     Upon information and belief, Defendants engage in the advertisement, offering for sale and sale of counterfeit and infringing adidas-branded goods and Reebok-branded goods to consumers within this judicial district through multiple fully interactive commercial websites operating under, at least, the Subject Domain Names. Defendants, upon information and belief, also operate additional websites which promote and offer for sale counterfeit and infringing goods under domain names not yet known to Plaintiffs. Defendants have purposefully directed their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and shipment of counterfeit adidas-branded goods and Reebok-branded goods into the State.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff adidas's Business and Trademark Rights

11.     adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, apparel, and sporting equipment.  adidas has used its famous and distinctive adidas Mark, Trefoil Mark and 3 Bars Logo (collectively, the "adidas Marks"), depicted below, for more than fifty-five years, thirty-five years, and twenty years, respectively, in connection with the above-mentioned goods.

**adidas**      

The adidas Marks signify the quality and reputation of adidas products.

12.     adidas is the owner of multiple trademark registrations for the adidas Marks,

including the following valid and incontestable trademark registrations, issued by the United

States Patent and Trademark Office:

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| ADIDAS | 0,891,222 | May 19, 1970 | IC25 - sportswear namely, suits, shorts, pants, tights, shirts, gloves, and the like; jerseys; socks; sport shoes namely, track and field training shoes, basketball shoes, and tennis shoes. |
|  | 0,973,161 | November 20, 1973 | IC 13 - tote bags<br><br>IC 25 - specific purpose athletic shoes; general purpose sport shoes, sports wear-namely, suits, shorts, pants, tights, shirts, jerseys, socks, and gloves. |
| adidas | 1,300,627 | October 16, 1984 | IC 025 - sportswear namely, suits, shorts, pants, tights, shirts, jerseys, socks, gloves, jackets, coats, swimwear, sweaters, caps, pullovers, warm-up suits, rain suits, ski suits, jump suits, boots, shoes, slippers. |
|  | 1,310,140 | December 18, 1984 | IC 025 - sportswear-namely, suits, shorts, pants, tights, shirts, jerseys, socks, gloves, jackets, coats, swimwear, sweaters, caps, pullovers, warm-up suits, rain suits, ski suits, jump suits, boots, shoes, slippers. |
|  | 2,411,802 | December 12, 2000 | IC 018 - all purpose sport bags, athletic bags, traveling bags, backpacks, knapsacks, beach bags<br><br>IC 025 - sports and leisure wear, namely, shorts, pants, shirts, t-shirts, jerseys, tights, socks, gloves, jackets, swimwear, caps and hats, pullovers, sweat-shirts, sweat suits, track suits, warm-up suits, rain suits; boots, slippers, sandals, specific purpose athletic shoes and general all purpose sports shoes<br><br>IC 028 - sports balls and playground balls; guards for athletic use, namely, shin guards, knee guards and leg guards |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| | 3,104,117 | June 13, 2006 | IC 009 - optical apparatus and instruments, namely, eyeglasses and sunglasses<br><br>IC 014 - horological and chronometric instruments, namely, watches<br><br>IC 018 - leather and imitations of leather, and goods made from these materials in the nature of bags for general and sport use, namely handbags, tote bags, waist packs, overnight bags, backpacks, knapsacks and beach bags; trunks; traveling bags for general and sport use; leather and imitations of leather and goods made from these materials, namely, wallets, briefcases, and key cases |
| | | | IC 025 - sports and leisure wear, namely suits, shorts, pants, sweatpants, skirts, skorts, dresses, blouses, shirts, t-shirts, sleeveless tops, polo shirts, vests, jerseys, sweaters, sweatshirts, pullovers, coats, jackets, track suits, training suits, warm-up suits, swimwear, underwear, socks, gloves, scarves, wristbands and belts; headgear, namely caps, hats, visors, headbands; athletic footwear and leisure foot wear, namely boots, sandals, specific purpose athletic shoes and general purpose sports shoes |

Copies of the Certificates of Registration for the adidas Marks are attached at Schedule B.

13.    The adidas Marks have been used in interstate commerce to identify and distinguish adidas products for an extended period of time and serve as symbols of adidas's quality, reputation, and goodwill.

14.    The adidas Marks are well-known and famous and have been for many years. adidas has expended substantial time, money and other resources developing, advertising and

otherwise promoting the adidas Marks. Specifically, adidas has used the adidas Marks in connection with its frequent sponsorship of sports tournaments and organizations, as well as professional athletes and collegiate sports teams. For example, adidas has long-term relationships with Norte Dame, the University of California at Los Angeles, the University of Nebraska, the University of Michigan, and the University of Tennessee. Among many others, NBA stars Derrick Rose, Tim Duncan, and Dwight Howard, baseball player Ryan Howard, professional golfer Sergio Garcia, and soccer stars David Beckman and Lionel Messi all are sponsored by adidas. For many years, adidas has been a sponsor of the World Cup soccer tournament, has sponsored the world-famous Boston Marathon for more than a decade, and has sponsored many other events, teams, and individuals. Prominent use of the adidas Marks in connection with these sponsorship activities has further enhanced the adidas Marks' recognition and fame. The adidas Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

15.     adidas has extensively used, advertised, and promoted the adidas Marks in the United States in association with the sale of high quality products.  adidas has spent millions of dollars promoting the adidas Marks and products bearing the adidas Marks.  In recent years, annual sales of products bearing the adidas Marks have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States.

16.     The adidas Marks have achieved secondary meaning as identifiers of high quality goods as a result of adidas's advertisement, promotion, and sale of such goods thereunder.

17.     As a result of adidas's efforts, members of the consuming public readily identify merchandise bearing or sold under the adidas Marks, as being high quality merchandise sponsored and approved by adidas.

18.     adidas has carefully monitored and policed the use of the adidas Marks and has never assigned or licensed the adidas Marks to any of the Defendants in this matter.

**Plaintiff Rebook's Business and Trademark Rights**

19.     Reebok is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, apparel, and sporting equipment.  Reebok has used its REEBOK Mark, RBK Mark and Vector Mark, depicted below, (collectively, the "Reebok Marks") for more than forty-five and thirty-five years, respectively, in connection with the above mentioned goods.



The Reebok Marks signify the quality and reputation of Reebok products.

20.     Reebok is the owner of multiple trademark registrations for the Reebok Marks, including the following valid and incontestable trademark registrations, issued by the United States Patent and Trademark Office:

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| REEBOK | 1,133,704 | April 22, 1980 | IC 25 - shoes for use in athletic sports |
| REEBOK | 1,390,793 | April 22, 1986 | IC 18 - all purpose sport bags<br>IC 25 - sweatpants, shorts, sweaters, polo shirts, hats, visors, headbands, sweatbands, t-shirts, sweatshirts |
|  | 1,848,848 | August 9, 1994 | IC 018 - all purpose sport bags, duffel bags, tote bags, knapsacks, and shoulder bags.<br>IC 025 - footwear and apparel; namely, t-shirts, shirts, sweatshirts, sweaters, jackets, hats, visors, socks, sweatpants, pants, shorts, skirts, unitards, and leotards. |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| RBK | 3,074,802 | March 28, 2006 | IC 09 - eyewear, namely, eyewear cases; eyewear cleaning cloths; sunglasses; protective helmets for hockey, and skating.<br><br>IC 025 - footwear; headwear; apparel, namely, sweatpants, sweatshirts, shirts, shorts, sweaters, socks, jackets, sweat suits, warm-up suits, shooting shirts, fleece tops, tank tops, polo shirts, pants, athletic bras, leggings, skirts, turtlenecks, vests, dresses, athletic uniforms, gloves, infant wear, running suits.<br><br>IC 028 - sports equipment, namely, basketballs, footballs, rugby balls, soccer balls, in-line skates, hockey skates; protective hockey equipment, namely shin pads, elbow pads, shoulder pads, and pants; protective in-line skating equipment, namely kneepads and elbow pads. |

Copies of the Certificates of Registration for the Reebok Marks are attached at Schedule C.

21.     The Reebok Mark shave been used in interstate commerce to identify and distinguish Reebok products for an extended period of time and serve as symbols of Reebok's quality, reputation, and goodwill.

22.     The Reebok Marks are well-known and famous and have been for many years. Reebok has expended substantial time, money and other resources developing, advertising and otherwise promoting the Reebok Marks.  Specifically, Reebok has used the Reebok Marks in connection with its frequent sponsorship of sports tournaments and organizations, professional athletes, and celebrities/musicians. For example, Reebok presently sponsors football players Peyton Manning (of the Indianapolis Colts), Eli Manning (of the New York Giants) and Philip

Rivers (of the San Diego Chargers); basketball player John Wall (of the Washington Wizards); baseball players David Ortiz and Josh Beckett (of the Boston Red Sox); hockey players Sidney Crosby (of the Pittsburgh Penguins) and John Tavares (of the New York Islanders); Formula One racer Lewis Hamilton; and boxer Amir Kahn. The Reebok Marks and Reebok products are further endorsed by world renown celebrities including International star and actress Eva Mendes; famed sports broadcaster Erin Andrews; and platinum producer, artist, and designer Swizz Beatz. Reebok also is the exclusive licensee of the National Football League ("NFL") to manufacture, market, and sell merchandise for all NFL teams, including on-field uniforms, sideline apparel, practice apparel, NFL-branded footwear, and an NFL-branded apparel line. Reebok similarly holds exclusive rights to manufacture and market authentic, replica, and practice jerseys for the teams of the National Hockey League. The Reebok Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).Reebok has extensively used, advertised and promoted the Reebok Marks in the United States in association with the sale of high quality products.  Reebok has spent millions of dollars promoting the Reebok Marks and products bearing the Reebok Marks.  In recent years, Reebok has sold hundreds of millions of dollars of products bearing the Reebok Marks.

   23. The Reebok Marks have achieved secondary meaning as identifiers of high quality goods as a result of Reebok's advertisement, promotion and sale of such goods thereunder.

   24. As a result of Reebok's efforts, members of the consuming public readily identify merchandise bearing or sold under the Reebok Marks, as being high quality merchandise sponsored and approved by Reebok.

25.     Reebok has carefully monitored and policed the use of the Reebok Marks and has never assigned or licensed the Reebok Marks to any of the Defendants in this matter.

**Defendants' Business and Infringing Activities**

26.     Defendants have registered, established or purchased, and maintained the Subject Domain Names.

27.     Defendants have registered at least twenty-eight of the Subject Domain Names, using marks which are nearly identical and/or confusingly similar to at least one of the adidas Marks, including,4adidas.com, adidasbounces.com, adidasempire.com, adidas-f50-adizero.com, adidasf50adizeroshop.com, adidasf50shoes.com, adidasjeremyscott.com, adidasjp.com, adidasjswings.com, adidas-online-shop.com, adidas-originals.com, adidasporschedesignde.com, adidassbounce.com, adidasscarpecalcio.com, adidasshoes001.com, adidasshoeshop.com, adidasshoessite.com, adidassmith.com, adidassuperstarshoes.com, adidastitanbounce.com, adidastour360.com, adidaswings.com, adidasxjeremyscott.com, helloadidas.com, jeremyscottsadidas.com, lovinadidas.com, selladidas.com, and womenadidas.com (the "Infringing adidas Subject Domain Names").

28.     Additionally, Defendants have registered at least seven of the Subject Domain Names,  which are nearly identical and/or confusingly similar to at least one of the Reebok Marks, including, reebokeasytoneonline.com, reebok-member.com, reebokmember.com, reeboktrade.com, reebok123.com, reebokonlineoutlet.com, and zigtechreebokshoes.org(the "Infringing Reebok Subject Domain Names").

29.     Upon information and belief, Defendants will continue to register new domain names for the purpose of selling and/or offering for sale goods bearing counterfeit and

confusingly similar imitations of the adidas Marks and/or the Reebok Marks unless preliminarily and permanently enjoined.

30.     Upon information and belief, Defendants have registered and/or used the Subject Domain Names with the bad faith intent to profit from the adidas Marks and the Reebok Marks.

31.     Defendants do not have, nor have they ever had, the right or authority to use the adidas Marks or the Reebok Marks.  Further, the adidas Marks and the Reebok Marks have never been assigned or licensed to be used on any of the websites operating under the Subject Domain Names.

32.     Upon information and belief, Defendants have provided false and/or misleading contact information when applying for the registration of the Subject Domain Names, or have intentionally failed to maintain accurate contact information with respect to the registration of the Subject Domain Names.

33.     Upon information and belief, Defendants have never used any of the Subject Domain Names in connection with a bona fide offering of goods or services.

34.     Upon information and belief, have not made any a bona fide non-commercial or fair use of the adidas Marks and/or the Reebok Marks on a website accessible under the any of the Subject Domain Names.

35.     Upon information and belief, Defendants have intentionally incorporated the adidas Marks and Reebok Marks in their domain names to divert consumers looking for Plaintiffs' respective Internet websites to their own Internet websites for commercial gain.

36.     Defendants' Subject Domain Names and any other domain names used in connection with the sale of counterfeit and infringing goods bearing the adidas Marks and/or the Reebok Marks are essential components of Defendants' counterfeiting and infringing activities

and are the means by which Defendants further their counterfeiting schemes and cause harm to Plaintiffs. Moreover, Defendants are using Plaintiffs' respective famous names and trademarks to drive Internet consumer traffic to their websites operating under the Subject Domain Names, thereby increasing the value of the Subject Domain Names at Plaintiffs' expense.

37. Defendants' entire Internet-based website businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Plaintiffs and others.

38. In blatant disregard of Plaintiffs' rights, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce that bear counterfeit and confusingly similar imitations of the adidas Marks and the Reebok Marks, including without limitation footwear and apparel (collectively, the "Counterfeit Goods") through the fully interactive commercial websites operating under Subject Domain Names. Specifically, upon information and belief, Defendants are using identical copies of the adidas Marks and the Reebok Marks for different quality goods. Plaintiffs had used the adidas Marks and Reebok Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Plaintiffs' merchandise.

39. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially lower than that of Plaintiffs' respective genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Plaintiffs despite their knowledge that they are without authority to use the adidas Marks and the Reebok Marks. The net effect of Defendants' actions will result in the

13

confusion of consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Plaintiffs.

40.     Defendants advertise their Counterfeit Goods for sale to the consuming public via websites operating under at least the Subject Domain Names. In so advertising these goods, Defendants use the adidas Marks and the Reebok Marks without Plaintiffs' permission. Indeed, Defendants herein misappropriated Plaintiffs' advertising ideas and entire styles of doing business with regard to the advertisement and sale of Plaintiffs' respective, genuine goods. Upon information and belief, the misappropriation of Plaintiffs' advertising ideas in the form of the adidas Marks and the Reebok Marks is the proximate cause of damage to Plaintiffs.

41.     Upon information and belief, Defendants are targeting their counterfeiting and infringing activities toward consumers and causing harm within this judicial district and elsewhere throughout the United States. As a result, Defendants are defrauding Plaintiffs and the consuming public for Defendants' own benefit. Defendants' infringement and disparagement of Plaintiffs and their respective adidas Marks and Reebok Marks does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

42.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiffs' respective ownership of the adidas Marks and the Reebok Marks, including their respective, exclusive rights to use and license such intellectual property and the goodwill associated therewith.

43.     Defendants' use of the adidas Marks and the Reebok Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Plaintiffs' consent or authorization.

44.     Further, Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights for the purpose of trading on the respective goodwill and reputations of Plaintiffs. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

45.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase.  Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiffs' respective genuine goods and Defendants' Counterfeit Goods, which there is not.

46.     Plaintiffs have no adequate remedy at law.

47.     Plaintiffs are suffering irreparable injury and have suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

48.     The harm and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

49.     Plaintiffs hereby readopt and re-allege the allegations set forth in Paragraphs 1 through 42 above.

50.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the adidas

Marks and Reebok Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale and sale of the Counterfeit Goods.

51.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing at least sports and leisure wear, namely, suits, shirts, t-shirts, polo shirts, jerseys, jackets, track suits, and warm-up suits; headgear, namely hats; athletic footwear and leisure foot wear, namely boots, sandals, specific purpose athletic shoes and general purpose sports shoes; and all purpose sport bags, athletic bags, and backpacks, using counterfeits and infringements of one or more of the adidas Marks, and footwear and apparel namely shirts, t-shirts, and athletic uniforms, using counterfeits and infringements of one or more of the Reebok Marks.  Defendants are continuously infringing and inducing others to infringe the adidas Marks by using them to advertise, promote and sell counterfeit sports and leisure wear, namely, suits, shirts, t-shirts, polo shirts, jerseys, jackets, track suits, and warm-up suits; headgear, namely hats; athletic footwear and leisure foot wear, namely boots, sandals, specific purpose athletic shoes and general purpose sports shoes; and all purpose sport bags, athletic bags, and backpacks, and the Reebok Marks by using them to advertise, promote and sell footwear and apparel namely shirts, t-shirts, and athletic uniforms.

52.     Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

53.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Plaintiffs.

54.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the adidas Marks and the Reebok Marks in violation of Plaintiffs' respective rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

55.     Plaintiffs have suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

56.     Plaintiffs hereby readopt and re-allege the allegations set forth in Paragraphs 1 through 42 above.

57.     Defendants' Counterfeit Goods bearing and sold under the adidas Marks and the Reebok Marks have been widely advertised and distributed throughout the United States.

58.     Defendants' Counterfeit Goods bearing and sold under the adidas Marks and the Reebok Marks are virtually identical in appearance to each of Plaintiffs' respective, genuine goods. However, Defendants' Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

59.     Defendants, upon information and belief, have used in connection with their sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiffs.

60.     Specifically, Defendants have authorized infringing uses of the adidas Marks in Defendants' advertisement and promotion of their counterfeit and infringing adidas-branded sports and leisure wear, namely, suits, shirts, t-shirts, polo shirts, jerseys, jackets, track suits, and warm-up suits; headgear, namely hats; athletic footwear and leisure foot wear, namely boots, sandals, specific purpose athletic shoes and general purpose sports shoes; and all purpose sport bags, athletic bags, and backpacks, and infringing uses of the Reebok Marks in Defendants' advertisement and promotion of their counterfeit and infringing Reebok-branded footwear and apparel namely shirts, t-shirts, and athletic uniforms. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

61.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

62.     Plaintiffs have sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Plaintiffs will continue to suffer irreparable injury to their respective goodwill and business reputations as well as monetary damages.

### COUNT III - CLAIM FOR RELIEF FOR CYBERSQUATTING UNDER §43(d) OF THE LANHAM ACTION (15 U.S.C. §1125(d))

63.     Plaintiffs hereby readopt and re-allege the allegations set forth in Paragraphs 1 through 39 above.

64.     Upon information and belief, Defendants have acted with the bad faith intent to profit from the adidas Marks and the goodwill associated with the adidas Marks by registering the Infringing adidas Domain Names.

65.     The adidas Marks were distinctive and famous at the time Defendants registered the Infringing adidas Domain Names.

66.     The Infringing adidas Domain Names are identical to, confusingly similar to or dilutive of at least one of the adidas Marks.

67.     Upon information and belief, Defendants have acted with the bad faith intent to profit from the Reebok Marks and the goodwill associated with the Reebok Marks by registering the Infringing Reebok Domain Names.

68.     The Reebok Marks were distinctive and famous at the time Defendants registered the Infringing Reebok Domain Names.

69.     The Infringing Reebok Domain Names are identical to, confusingly similar to or dilutive of at least one of the Reebok Marks.

70.     Defendants' actions constitute cybersquatting in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

71.     The aforesaid conduct is causing Plaintiffs immediate and irreparable injury and Plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

72.     WHEREFORE, Plaintiffs demand judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.     Entry of preliminary and permanent injunctions enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the adidas Marks and/or the Reebok Marks; from using the adidas Marks and/or the Reebok Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress

which may be calculated to falsely advertise the services or goods of Defendants as being

sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs; from falsely

representing themselves as being connected with Plaintiffs, through sponsorship or association,

or engaging in any act which is likely to falsely cause members of the trade and/or of the

purchasing public to believe any goods or services of Defendants are in any way endorsed by,

approved by, and/or associated with Plaintiffs; from using any reproduction, counterfeit, copy, or

colorable imitation of the adidas Marks in connection with the publicity, promotion, sale, or

advertising of any goods sold by Defendants, including, without limitation, sports and leisure

wear, namely, suits, shirts, t-shirts, polo shirts, jerseys, jackets, track suits, and warm-up suits;

headgear, namely hats; athletic footwear and leisure foot wear, namely boots, sandals, specific

purpose athletic shoes and general purpose sports shoes; and all purpose sport bags, athletic bags,

and backpacks; from using any reproduction, counterfeit, copy, or colorable imitation of the

Reebok Marks in connection with the publicity, promotion, sale, or advertising of any goods sold

by Defendants, including, without limitation, footwear and apparel namely shirts, t-shirts, and

athletic uniforms; from affixing, applying, annexing or using in connection with the sale of any

goods, a false description or representation, including words or other symbols tending to falsely

describe or represent Defendants' goods as being those of Plaintiffs, or in any way endorsed by

Plaintiffs and from offering such goods in commerce; and from otherwise unfairly competing

with Plaintiffs.

        b.     Entry of an order requiring the Subject Domain Names, and any other

domain names being used by Defendants to engage in the business of selling counterfeit and

infringing adidas-branded goods and/or Reebok-branded goods be disabled and/or immediately

transferred by Defendants, their Registrars, the Registries, and\or the Internet Corporation for

Assigned Names and Numbers (ICANN)to Plaintiffs' control.

       c.     Entry of an Order that, upon Plaintiffs' request, the top level domain

(TLD) Registries for the Subject Domain Names place the Subject Domain Names on Registry

Hold status, thus removing them from the TLD zone files maintained by the Registries which

link the Subject Domain Names to the IP address where the associated websites are hosted.

       d.     Entry of an Order that, upon Plaintiffs' request, any Internet search

engines, Web hosts, domain-name registrars and domain-name registries or administrators which

are provided with notice of the injunction, cease facilitating access to any or all websites through

which Defendants engage in the sale of counterfeit and infringing goods using the adidas Marks

and/or the Reebok Marks.

       e.     Entry of an Order that, upon Plaintiffs' request, the Internet Corporation

for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the

Registrars and top level domain Registries responsible for the Subject Domain Names facilitate

the transfer and/or disable the Subject Domain Names.

       f.     Entry of an Order requiring Defendants to account to and pay Plaintiffs for

all profits and damages resulting from Defendants' trademark infringing and counterfeiting and

unfairly competitive activities and that the award to Plaintiffs be trebled, as provided for under

15 U.S.C. §1117, or, at Plaintiffs' election with respect to Count I, that Plaintiffs be awarded

statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per

each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the

Lanham Act.

g.      Entry of an Order requiring Defendants to account to and pay Plaintiffs for all profits and damages resulting from Defendants' cybersquatting activities and that the award to Plaintiffs be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiffs' election with respect to Count III, that Plaintiffs be awarded statutory damages from Defendants in the amount of one hundred thousand dollars ($100,000.00) per infringing domain name used as provided by 15 U.S.C. §1117(d) of the Lanham Act.

h.      Entry of an award of Plaintiffs' costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

i.      Entry of an order requiring all funds, up to and including the total amount of judgment, in payment accounts or money transfer systems used in connection with the Subject Domain Names, including but not limited to PayPal, Inc., Western Union Financial Services, Inc., MoneyGram and other payment processing accounts, to be surrendered to Plaintiffs in partial satisfaction of the monetary judgment entered herein.

j.      Entry of an award of pre-judgment interest on the judgment amount.

k.      Entry of an Order for any further relief as the Court may deem just and proper.

DATED: November 14, 2011.           Respectfully submitted,

                                    STEPHEN M. GAFFIGAN, P.A.

                                    By:  _____s:/smgaffigan/_____
                                        Stephen M. Gaffigan (Fla. Bar No. 025844)
                                        Virgilio Gigante (Fla. Bar No. 082635)
                                        401 East Las Olas Blvd., Suite 130-453
                                        Ft. Lauderdale, Florida 33301
                                        Telephone: (954) 767-4819
                                        Facsimile: (954) 767-4821
                                        Email: Stephen@smgpa.net
                                        E-mail: leo@smgpa.net

                                    Attorneys for Plaintiffs

**SCHEDULE A**
**DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAMES**

| | |
|---|---|
| Defendant 1 | 2010shopjerseys.net |
| Defendant 2 | 2010shopjerseys.org |
| Defendant 3 | 4adidas.com |
| Defendant 4 | 888shop-jerseys.com |
| | 888shopjerseys.com |
| | ccmjerseys.com |
| Defendant 5 | adiclothing.com |
| Defendant 6 | adidasbounces.com |
| Defendant 7 | adidasempire.com |
| Defendant 8 | adidas-f50-adizero.com |
| Defendant 9 | adidasf50adizeroshop.com |
| Defendant 10 | adidasf50shoes.com |
| Defendant 11 | adidasjeremyscott.com |
| Defendant 12 | adidasjp.com |
| Defendant 13 | adidasjswings.com |
| Defendant 14 | adidas-online-shop.com |
| Defendant 15 | adidas-originals.com |
| Defendant 16 | adidasporschedesignde.com |
| Defendant 17 | adidassbounce.com |
| Defendant 18 | adidasscarpecalcio.com |
| Defendant 19 | adidasshoes001.com |
| Defendant 20 | adidasshoessite.com |
| | adidasshoeshop.com |
| Defendant 21 | adidassmith.com |
| Defendant 22 | adidassuperstarshoes.com |
| Defendant 23 | adidastitanbounce.com |
| Defendant 24 | adidastour360.com |
| Defendant 25 | adidaswings.com |
| Defendant 26 | adidasxjeremyscott.com |
| Defendant 27 | airmaxshopchina.com |
| | selladidas.com |
| Defendant 28 | autobotshop.com |
| Defendant 29 | buyjerseysonline.com |
| Defendant 30 | buyjerseyswholesale.com |
| Defendant 31 | buyteamsportsuniforms.com |

| | |
|---|---|
| Defendant 32 | caminio.com |
| Defendant 33 | ccmjersey.com |
| Defendant 34 | chaussures-nike-tn.com |
| Defendant 35 | cheap001.com |
| Defendant 36 | cheap999.com |
| Defendant 37 | cheapjerseysfromchina.com |
| | jerseysfromchina.biz |
| | jerseysfromchina.us |
| Defendant 38 | cheapkicksforsale.com |
| Defendant 39 | cheapnbashoes.com |
| Defendant 40 | cheapshopping4u.com |
| Defendant 41 | cn-jerseys.com |
| Defendant 42 | everysportuniforms.com |
| Defendant 43 | fashion333.com |
| Defendant 44 | footballbootsuk.com |
| Defendant 45 | footballcleatsstore.com |
| Defendant 46 | footballjerseys4sale.com |
| Defendant 47 | gsdiscount.com |
| Defendant 48 | helloadidas.com |
| Defendant 49 | ilove-shopping.org |
| | b2cshop.us |
| | love-shopping.org |
| | loveshopping.us |
| Defendant 50 | indoor-soccershoes.com |
| Defendant 51 | inthestyleshop.com |
| Defendant 52 | jeremyscottsadidas.com |
| Defendant 53 | jeremyscottwing.com |
| Defendant 54 | jerseysforcheap.biz |
| | jerseysfromchina.net |
| Defendant 55 | jerseysfromchina.com |
| | jerseysfromchina.org |
| Defendant 56 | jerseysfromchina.info |
| Defendant 57 | jerseysfull.com |
| | superstonejerseys.com |
| Defendant 58 | jerseys-googler.com |
| Defendant 59 | lovinadidas.com |
| Defendant 60 | lowestbestexport.com |
| Defendant 61 | mercurialshoesoutlet.com |
| Defendant 62 | nba-basketball-shoes.net |

Defendant 63    nba-home.com
Defendant 64    nikemercurialshoes.com
Defendant 65    nike-mercurial-store.com
Defendant 66    nikeshoes001.com
Defendant 67    onlinesoccerboots.co.uk
Defendant 68    outlet-jerseys.com
Defendant 69    plentystock.com
Defendant 70    ptjerseys.com
Defendant 71    ptjerseys.net
Defendant 72    ptjerseys.org
Defendant 73    reebok123.com
Defendant 74    reebokeasytoneonline.com
Defendant 75    reebok-member.com
                nfl-depot.com
                reebokmember.com
                reeboktrade.com
                sportjerseystown.org
Defendant 76    reebokonlineoutlet.com
Defendant 77    shopadicolor.com
Defendant 78    shopsoccerjerseys.com
Defendant 79    soccercleats4u.com
Defendant 80    soccercleatsnike.com
Defendant 81    soccercleatsshoes.com
Defendant 82    soccer-cleats-shoes.com
Defendant 83    soccerjerseycenter.com
Defendant 84    socceroutlets.com
Defendant 85    soccershoes4you.com
Defendant 86    soccershoesforsales.com
Defendant 87    soccershoesproducts.com
Defendant 88    soccershoesstores.com
Defendant 89    soccerusa4you.com
Defendant 90    supercheapsoccer.com
Defendant 91    superstarkick.com
Defendant 92    toahk.com
Defendant 93    topjerseysorder.com
Defendant 94    tradeccc.net
Defendant 95    trikotdiscount.com
Defendant 96    usa-soccer-jersey.com

Defendant 97    uubest.com
Defendant 98    various-jersey-wholesale.com
Defendant 99    well-sports.com
Defendant 100   wholesale-from-china.com
Defendant 101   wholesalejerseysfromchina.com
Defendant 102   wholesalesoccercleats.com
Defendant 103   womenadidas.com
Defendant 104   world-jerseys.com
Defendant 105   world-soccer-shoes.com
Defendant 106   zigtechreebokshoes.org