UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-24094-Civ-COOKE/TURNOFF

ADIDAS AG, *et al.*,

    Plaintiffs,

vs.

DANYU WU, *et al.*,

    Defendants,

_____/

## **DEFAULT JUDGMENT**

THIS MATTER is before me on Plaintiffs' Motion for Entry of Final Default Judgment Against Defendants. (ECF No. 45). On November 14, 2011, Plaintiff filed a Complaint for Damages and Injunctive Relief against Defendants, the partnerships and unincorporated associations identified on Schedule "A" hereto (collectively, "Defendants"). (ECF No. 1). On June 8, 2012, Plaintiffs filed their First Amended Complaint against Defendants. (ECF No. 32). On August 17, 2012, the Clerk entered a default (ECF No. 41), as to Defendants for failure to answer or otherwise respond to the Summons and First Amended Complaint. Defendants have not responded to this Motion.

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v.*

*Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (*quoting Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

As to Count I (Trademark Counterfeiting and Infringement), 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages in the sum of not less than $1,000.00 and not more than $200,000.00 per counterfeit mark per type of good. Plaintiffs have elected to recover an award of statutory damages. Plaintiff adidas has presented evidence that Defendants distributed, advertised, offered for sale, and/or sold at least fifteen (15) types of goods that were counterfeits of the adidas trademarks protected by six (6) federal trademark registrations for such goods. Plaintiff Reebok has presented evidence that Defendants distributed, advertised, offered for sale, and/or sold at least four (4) types of goods that were counterfeits of the Reebok trademarks protected by three (3) federal trademark registrations for such goods. Plaintiffs have also presented evidence that Defendants' conduct was willful.

"Statutory damages under § 1117(c) are intended not just for compensation for losses, but also to deter wrongful conduct." *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213, 1220-21 (S.D. Fla. 2004). Plaintiffs have requested $6,000.00 for each counterfeit mark per type of good. To reach this amount, Plaintiffs began with a baseline of $1,000.00, trebled the amount to reflect Defendants' willful conduct pursuant to § 1117(b), and doubled the amount for the purpose of deterrence. The result is $6,000.00 per six (6) counterfeited marks per fifteen (15) types of goods, which amounts to $540,000.00 in statutory damages for Plaintiff adidas. The result is $6,000 per three (3) counterfeited marks per four (4) types of goods, which amounts to $72,000.00 in statutory damages for Plaintiff Reebok. The total of $540,000.000 in statutory damages is a reasonable damages award pursuant to statute for Plaintiff adidas. The total of

2

$72,000.00 in statutory damages is a reasonable damages award pursuant to statute for Plaintiff Reebok.

As to Count II (False Designation of Origin), Plaintiffs acknowledge that the judgment must be limited to the amount awarded pursuant to Count I, and the entry of a permanent injunction. Plaintiffs have presented sufficient evidence that they are entitled to a permanent injunction. *See Petmed Express, Inc.*, 336 F. Supp. 2d at 1222-23.

As to Count III (Cybersquatting), Plaintiffs have presented sufficient evidence that Defendants violated the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). The ACPA provides that a Court may "order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(1)(c). Plaintiffs are entitled to the transfer and ownership of Defendants' domain names, which are confusingly similar to the adidas and Reebok trademarks. Additionally, Plaintiffs may recover actual damages or statutory damages of not less than $1,000.00 and not more than $100,000.00 per domain name. 15 U.S.C. § 1117(d). Plaintiffs have elected statutory damages. Plaintiff adidas requests $10,000.00 for each of the twenty four (24) pirated domain names, for a total award of $240,000.00. Plaintiff Reebok requests $10,000.00 for each of the five (5) pirated domain names, for a total award of $50,000. In light of Defendants' intentional, wrongful behavior, the total of $240,000.00 in statutory damages for Plaintiff adidas and $50,000 in statutory damages for Plaintiff Reebok are reasonable damages awards pursuant to statute. *See, e.g., Petmed Express, Inc.,* 336 F. Supp. 2d at 1221-22; *Transamerica Corp. v. Moniker Online Servs., Inc.*, Case No. 09-cv-60973-CMA, 2010 WL 1416979, at *4 (S.D. Fla. Apr. 7, 2010). Further, courts in this district have entered similar orders to transfer domain names in cases with similar facts. *See, e.g., Louis Vuitton Malletier, S.A. v. Zhen Zhou*, Case No. 10-cv-

3

62202-MGC (S.D. Fla. Apr. 18, 2011); *Chanel, Inc. v. Guofeng Liu*, Case No. 10-cv-61972-UU (S.D. Fla. Feb. 7, 2011); *Chanel, Inc. v. Zhiqing*, Case No. 10-cv-60382-AJ (S.D. Fla. Aug. 6, 2010).

Finally, costs are recoverable pursuant to 15 U.S.C. § 1117(a). Plaintiffs submit that they are entitled to receive $700.00 in fees, consisting of the filing fee and the process server fee. These costs are reasonable.

Accordingly, it is **ORDERED and ADJUDGED** that the Plaintiffs' Motion for Entry of Final Default Judgment Against Defendants (ECF No. 45) is **GRANTED**, as follows:

1.  Final default judgment is entered in favor of Plaintiffs, adidas AG, adidas International Marketing B.V., and adidas America, Inc., (together, "adidas") and Reebok International Limited and Reebok International Ltd., (together, "Reebok") and against Defendants. Plaintiff adidas is awarded judgment in the amount of **$780,350.00**, for which sum let execution issue. This amount consists of $540,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(c); $240,000.00 in statutory damages pursuant to 15 U.S.C.§ 1117(d); and $350.00 in costs pursuant to 15 U.S.C. § 1117(a). Plaintiff Reebok is awarded judgment in the amount of **$122,350.00**, for which sum let execution issue. This amount consists of $72,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(c); $50,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(d); and $350.00 in costs pursuant to 15 U.S.C. § 1117(a).

2.  All funds restrained in the Western Union Financial Services, Inc. ("Western Union") accounts related to the Western Union account recipient "Danyu Wu," or which funds are associated with the Money Transfer Control Number, 062-664-6191, and any other related accounts of the same customer(s), shall be transferred to Plaintiffs in partial satisfaction of the monetary judgment entered herein.

3. Plaintiffs shall recover post-judgment interest at the rate prescribed by 28 U.S.C. § 1961.

4. The Clerk is directed to release the bond posted by Plaintiffs in the amount of $10,000.00.

5. Permanent Injunction Relief: Defendants and their officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendants are hereby permanently restrained and enjoined from:

   a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the adidas Marks identified in Paragraph 12 of the First Amended Complaint (the "adidas Marks") and the Reebok trademarks identified in Paragraph 20 of the First Amended Complaint (the "Reebok Marks");

   b. using the adidas Marks and the Reebok Marks in connection with the sale of any unauthorized goods;

   c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants offered for sale or sold via the domain names identified on Schedule "A" hereto (collectively the "Subject Domain Names") and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs;

   d. falsely representing themselves as being connected with Plaintiffs, through sponsorship or association;

   e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants offered for sale or sold via the Subject Domain Names and/or any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiffs;

   f. using any reproduction, counterfeit, copy, or colorable imitation of the adidas Marks and the Reebok Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants via the Subject Domain Names and/or any other website or business, including, without limitation, sports and leisure wear, namely, suits, shirts, t-shirts, polo shirts, jerseys, jackets, track suits, and warm-up suits; headgear, namely hats; athletic footwear and leisure foot wear, namely boots, sandals, specific purpose athletic shoes and general purpose sports shoes; and all-purpose sport bags, athletic bags, and backpacks bearing the adidas Marks and footwear and

5

apparel namely shirts, t-shirts, and athletic uniforms bearing the Reebok Marks;

g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendants via the Subject Domain Names and/or any other website or business, as being those of Plaintiffs or in any way endorsed by Plaintiffs;

h. otherwise unfairly competing with Plaintiffs;

i. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

j. using the adidas Marks and the Reebok Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants, including the Internet websites operating under all of the Subject Domain Names.

6. Additional Equitable Relief:

a. In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendants, their assignees and/or successors in interest or title, and the Registrars to Plaintiffs' control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiffs' control within five (5) days of receipt of this judgment, the Registries shall, within thirty (30) days, change the Registrar of Record for the Subject Domain Names to a United States based Registrar of Plaintiffs' choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiffs;

b. Upon Plaintiff's request, the top level domain (TLD) Registry for each of the Subject Domain Names, within thirty (30) days of receipt of this Order, shall place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Names to the IP addresses where the associated websites are hosted; and

c. Upon Plaintiff's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top level domain Registry responsible for the Subject Domain Names transfers and/or disables the Subject Domain Names.

6. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 28th day of September 2012.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

## SCHEDULE A
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAMES

| | | |
|---|---|---|
| Defendant 1 | 2010shopjerseys.net |
| Defendant 2 | 2010shopjerseys.org |
| Defendant 3 | 4adidas.com |
| Defendant 4 | 888shop-jerseys.com |
| | 888shopjerseys.com |
| | ccmjerseys.com |
| | ccmjerseys.org |
| Defendant 5 | adiclothing.com |
| Defendant 7 | adidasempire.com |
| Defendant 8 | adidas-f50-adizero.com |
| Defendant 9 | adidasf50adizeroshop.com |
| | mercurial2012.com |
| Defendant 10 | adidasf50shoes.com |
| | wholesalenikemercurial.com |
| Defendant 11 | adidasjeremyscott.com |
| Defendant 12 | adidasjp.com |
| Defendant 14 | adidas-online-shop.com |
| Defendant 16 | adidasporschedesignde.com |
| Defendant 17 | adidassbounce.com |
| Defendant 18 | adidasscarpecalcio.com |
| Defendant 19 | adidasshoes001.com |
| Defendant 20 | adidasshoessite.com |
| | adidasshoeshop.com |
| Defendant 21 | adidassmith.com |
| Defendant 22 | adidassuperstarshoes.com |
| Defendant 24 | adidastour360.com |
| Defendant 25 | adidaswings.com |
| Defendant 27 | airmaxshopchina.com |
| | selladidas.com |
| Defendant 28 | autobotshop.com |
| Defendant 29 | buyjerseysonline.com |
| Defendant 30 | buyjerseyswholesale.com |
| Defendant 31 | buyteamsportsuniforms.com |

8

| | | |
|---|---|---|
| Defendant 32 | caminio.com | |
| | caminio.at | |
| Defendant 33 | ccmjersey.com | |
| Defendant 35 | cheap001.com | |
| Defendant 36 | cheap999.com | |
| Defendant 37 | cheapjerseysfromchina.com | |
| | jerseysfromchina.biz | |
| Defendant 38 | cheapkicksforsale.com | |
| Defendant 40 | cheapshopping4u.com | |
| | cheapnikeshoes2u.com | |
| Defendant 41 | cn-jerseys.com | |
| Defendant 42 | everysportuniforms.com | |
| Defendant 43 | fashion333.com | |
| Defendant 46 | footballjerseys4sale.com | |
| Defendant 47 | gsdiscount.com | |
| Defendant 48 | helloadidas.com | |
| Defendant 49 | ilove-shopping.org | |
| | b2cshop.us | |
| | love-shopping.org | |
| | loveshopping.us | |
| | iloveushopping.com | |
| Defendant 50 | indoor-soccershoes.com | |
| | indoor-soccershoess.com | |
| Defendant 51 | inthestyleshop.com | |
| Defendant 52 | jeremyscottsadidas.com | |
| Defendant 53 | jeremyscottwing.com | |
| Defendant 54 | jerseysforcheap.biz | |
| | jerseysfromchina.net | |
| Defendant 55 | jerseysfromchina.com | |
| | jerseysfromchina.org | |
| | jerseysfromchina.asia | |
| Defendant 56 | jerseysfromchina.info | |
| Defendant 57 | jerseysfull.com | |
| | superstonejerseys.com | |
| Defendant 58 | jerseys-googler.com | |
| Defendant 59 | lovinadidas.com | |
| Defendant 60 | lowestbestexport.com | |

9

| | |
|---|---|
| Defendant 61 | mercurialshoesoutlet.com |
| Defendant 62 | nba-basketball-shoes.net |
| Defendant 63 | nba-home.com |
| Defendant 64 | nikemercurialshoes.com<br>nikemercurialvaporsuperfly3.com |
| Defendant 65 | nike-mercurial-store.com<br>nikemercurialvaporsales.com |
| Defendant 66 | nikeshoes001.com |
| Defendant 67 | onlinesoccerboots.co.uk |
| Defendant 68 | outlet-jerseys.com |
| Defendant 69 | plentystock.com |
| Defendant 70 | ptjerseys.com |
| Defendant 71 | ptjerseys.net |
| Defendant 72 | ptjerseys.org |
| Defendant 73 | reebok123.com |
| Defendant 74 | reebokeasytoneonline.com |
| Defendant 75 | reebok-member.com<br>nfl-depot.com<br>reebokmember.com<br>reeboktrade.com<br>sportjerseystown.org<br>sportjerseys-town.net |
| Defendant 77 | shopadicolor.com |
| Defendant 78 | shopsoccerjerseys.com |
| Defendant 79 | soccercleats4u.com |
| Defendant 80 | soccercleatsnike.com |
| Defendant 81 | soccercleatsshoes.com |
| Defendant 82 | soccer-cleats-shoes.com<br>adidaspredatoroutlet.com |
| Defendant 83 | soccerjerseycenter.com |
| Defendant 84 | socceroutlets.com<br>socceroutletss.com |
| Defendant 85 | soccershoes4you.com |
| Defendant 86 | soccershoesforsales.com |
| Defendant 87 | soccershoesproducts.com<br>nikemercurialoutlets.com |
| Defendant 88 | soccershoesstores.com |

| | |
|---|---|
| Defendant 89 | soccerusa4you.com<br>officialsoccershoes.com |
| Defendant 90 | supercheapsoccer.com |
| Defendant 92 | toahk.com |
| Defendant 93 | topjerseysorder.com<br>sportsjerseys-town.net |
| Defendant 94 | tradeccc.net<br>mosscc.net |
| Defendant 95 | trikotdiscount.com<br>shopdata12.net<br>trikotdiscount.at<br>trikotdiscount.net<br>trikotdiscount.org |
| Defendant 96 | usa-soccer-jersey.com |
| Defendant 98 | various-jersey-wholesale.com |
| Defendant 99 | well-sports.com<br>inthestyleshop.com |
| Defendant 100 | wholesale-from-china.com |
| Defendant 101 | wholesalejerseysfromchina.com<br>jerseysfromchina.co |
| Defendant 103 | womenadidas.com |
| Defendant 104 | world-jerseys.com |
| Defendant 105 | world-soccer-shoes.com |

11